REPUBLIC BUILDING & LOAN ASS'N v. LUFKIN.

No. 3420.

Court of Civil Appeals of Texas. El Paso.

Oct. 8, 1936.

Rehearing Denied Oct. 29, 1936.

J. C. Muse, Jr., of Dallas, for appellant.

Cecil L. Simpson, of Dallas, for appellee.

WALTHALL, Justice.

This case was formerly before the Dallas Court of Civil Appeals, and a statement of plaintiff's cause of action is reported in 80 S.W.(2d) 1110. This trial was had on the identical petition as in the former appeal. We here adopt the statement of plaintiff's cause of action as there made by the court, and the observations made by the court on the former appeal. The case on this trial was had to the court without a jury. The trial court made and filed a statement of facts which sufficiently reflects the issues presented and the findings of the court therein, and which we adopt, with one correction in the amount found as the findings of this court. The correction we make is made with plaintiff's consent expressed in his brief. The findings are as follows:

"That plaintiff, W. W. Lufkin, a citizen of Eastland County, Texas, on or about December 31st, 1926, purchased from the defendant, Republic Building & Loan Association, doing business as such under the laws of the State of Texas, with its principal office at Dallas, Texas, one of its investment loan certificates representing forty (40) shares with a par value of One Hundred Dollars per share, paying therefor the sum of Four Thousand dollars, in cash, said certificate being numbered 94-C on the books of the defendant; that on and prior to November 17th, 1930, and since, the defendant with the consent of the Insurance and Banking Commissioner of the State of Texas, and acting by authority of law had been and is in process of liquidation; that on and prior to November 17th, 1930, and during the year 1930, C. L. Frazier was a Director, Vice President, Secretary and Treasurer of the defendant, and was in full charge of the business of the defendant, all with the full knowledge and consent of the defendant, and its other officers and directors; that while holding such office, and while so employed the said C. L. Frazier approached the Plaintiff and informed him that the defendant had made arrangements with the General Bond & Mortgage Company, a corporation, by means of which any investor in defendant might retain his investment by surrendering his certificate of stock to defendant, and have issued to him a certificate of stock in the General Bond & Mortgage Company, and that this method of providing for a continuance of an investment for defendants' share holders had been approved by the Commissioner of Insurance and Banking of the State of Texas; that plaintiff believed that said C. L. Frazier was representing the defendant, and in good faith believed that such provision to continue his investment has been made by the defendant; that as a result of a conference between the plaintiff and the defendant, plaintiff was issued 1900 shares of stock in the General Bond & Mortgage Company, at $1.50 per share, representing $2,850.00 of the value of his investment, and received a note for the remaining $350.00. That the plaintiff surrendered for cancellation on the books of the Defendant, his investors certificate No. 94-C, for $4,000.00, and that the same was canceled; that the defendant did not authorize the transaction that C. L. Frazier had caused the defendant to make; that in fact said Frazier entered into such transaction for himself and not for the defendant, as represented to the plaintiff, but that in dealing with said Frazier as aforesaid, plaintiff not only believed the representations made to him by the said Frazier in connection therewith, but relied upon the same as being true; that to consummate the transactions, Frazier adopted the procedure of having certain notes defendant owned, transferred to third parties on the endorsement of Quentin D. Corley, Defendants President, and that these notes were then transferred to the General Bond and Mortgage Company, the transfer of these notes constituting the consideration for the cancellation of Plaintiff's investment certificate in defendant, and of the issuance to plaintiff of his stock in the General Bond & Mortgage Company; that when the defendant discovered that said notes had been transferred to the General Bond and Mortgage Company, it instituted a suit in a District Court of Dallas County, Texas, alleging that such transfers were illegally made, and fraudulently made, and that it had never parted with title to said notes and had received no consideration therefor; that a final judgment was en-

tered in said suit on February 29th, 1932, divesting title out of the General Bond & Mortgage Company, to all of the notes transferred to it, and vesting title to a large part of the said notes in the defendant; that all of the capital stock of the General Bond & Mortgage Company was composed of these illegally transferred notes, and that when the General Bond & Mortgage Co., was decreed to have no title in them, its capital stock was destroyed, and the certificate of investment to plaintiff and the note made to him became worthless; that at the end of the litigation between the defendant, and the General Bank & Mortgage Co., Plaintiff, had nothing of value representing his investment certificate in defendant; that Plaintiff's stock in the General Bond & Mortgage Co., were tendered by plaintiff to defendant; throughout the above transactions with Frazier the plaintiff acted in good faith and was not a party to any fraud practiced on defendant by said Frazier; that plaintiff did not know of the fraud practiced on him by Frazier until sometime in January 1931, when the same was called to his attention by a letter from Quentin D. Corley as the President of the defendant. That during the liquidation of the defendant, prorations have been made to the stockholders of said defendant totalling 70 per cent. of the original value of their stock; and that prior to the cancellation of the plaintiff's stock, he had received two prorations totalling 20 per cent. of the original value of his stock of $800.00.

"That at the time of the cancellation of Plaintiff's certificate in the defendant, said certificate of stock had a book value on the books of the defendant of $3200.00; that other stock of the value of $5,009.03 was also cancelled at this time, in exchange for the transfer of securities of the total value of $8,209.03, and that the defendant company has recovered of this amount, securities in the value of $7,116.26, and interest which should have been paid up to date of the recovery amounted to $1,219.-48; that the amount of interest actually collected was $606.43, the total loss being $1,705.82, or 18.11 per cent., the loss being chargeable to the Plaintiff being $579.52."

Upon the above findings the trial court made and filed the conclusions of law as follows:

"The court concludes as a matter of law that while the fraud practiced upon the plaintiff was not the fraud of the defendant, it was the fraud of the defendant's most active official, and that the plaintiff had the right to assume, in dealing with such official, that he could rely upon the representations made by such official in respect to the plan of liquidation, represented by such official as being authorized and legal. A court of equity will not close its doors, and permit the defendant to be relieved of the obligation it owed to the plaintiff prior to the fraud of its most active official receive back a large part of the consideration illegally paid for the cancellation of plaintiff's certificate and offer no relief to the defrauded plaintiff, when such relief can be granted without financial loss to the defendant.

"Therefore, W. W. Lufkin, Plaintiff herein is entitled to have his stock certificate No. 94-C reinstated upon the books of the Republic Building & Loan Association with a withdrawal value of $2,620.48.

"That the plaintiff W. W. Lufkin is further entitled to be paid by the Republic Building & Loan Association, from the money on hand, collected, and to be collected, as a preferential payment after the payment of necessary costs and expenses of operation of said association, the sum of $1420.48.

"That the Plaintiff, W. W. Lufkin is further entitled to participate ratably and proportionately with all other shareholders similarly situated in any and all prorations, if any, hereafter made by the Republic Building and Loan Association to its shareholders."

The trial court entered judgment conforming to the above findings of facts and conclusions of law.

The correction we make in the court's findings has reference to the last few lines which read: "that the amount of interest actually collected was $606.43, the total loss being $1,705.82, or 18.11 per cent., the loss chargeable to Plaintiff being $579.52."

Plaintiff admits the loss chargeable to him should be $664.92, instead of $579.52, and that the judgment entered should be reduced $85.40, by reason of the correction. The correction is made as suggested.

Defendant, appellant here, has filed a brief in which it discusses very thoroughly, under its several propositions, the evidence in the case. We have carefully reviewed the evidence as applied to the several propositions and have concluded that the court's findings are sustained by the evidence, and

that the proper judgment was entered on the facts. We see no good reason to discuss the findings severally.

The propositions are each overruled, and the case as amended is affirmed.

Affirmed.